Charles M. Lizza
William C. Baton
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey  07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Jazz Pharmaceuticals, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAZZ PHARMACEUTICALS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**AMNEAL PHARMACEUTICALS, LLC,**<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiff Jazz Pharmaceuticals, Inc. ("Jazz Pharmaceuticals"), by its undersigned attorneys, for its Complaint against defendant Amneal Pharmaceuticals, LLC ("Amneal"), alleges as follows:

## Nature of the Action

1.  This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §100, *et seq.*, arising from Amneal's filing of an Abbreviated New Drug Application ("ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to commercially market a generic version of Jazz Pharmaceuticals' XYREM® drug product prior to the expiration of United States Patent Nos. 6,472,431 (the "'431 patent"), 6,780,889 (the "'889 patent"), 7,262,219 (the "'219 patent"), 7,851,506 (the "'506 patent"), 7,895,059 (the "'059 patent"), 8,263,650 (the "'650 patent"), and 8,324,275 (the "'275 patent")

owned by Jazz Pharmaceuticals (collectively, "the patents-in-suit") owned by Jazz Pharmaceuticals.

## The Parties

2. Plaintiff Jazz Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3180 Porter Drive, Palo Alto, California 94304.

3. On information and belief, defendant Amneal is a corporation organized under the laws of the State of Delaware, having a principal place of business 440 U.S. Highway 22 East, Suite 104, Bridgewater, New Jersey 08807.

## Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. This Court has personal jurisdiction over Amneal by virtue of, *inter alia,* its systematic and continuous contacts with the State of New Jersey. On information and belief, Amneal has purposefully availed itself of this forum by, among other things, operating its headquarters in the State of New Jersey, making, shipping, using, offering to sell or selling, or causing others to use, offer to sell, or sell, pharmaceutical products in the State of New Jersey and deriving revenue from such activities. Further, on information and belief, Amneal has customers in the State of New Jersey.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## The Patent-In-Suit

7. On October 29, 2002, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '431 patent, entitled "Microbiologically Sound and Stable Solutions of Gamma-Hydroxybutyrate Salt for the Treatment of Narcolepsy" to inventors Harry Cook,

Martha Hamilton, Douglas Danielson, Colette Goderstad and Dayton Reardan. The '431 patent was later assigned to Jazz Pharmaceuticals. A copy of the '431 patent is attached hereto as Exhibit A.

8. On August 24, 2004, the USPTO duly and lawfully issued the '889 patent, entitled "Microbiologically Sound and Stable Solutions of Gamma-Hydroxybutyrate Salt for the Treatment of Narcolepsy" to inventors Harry Cook, Martha Hamilton, Douglas Danielson, Colette Goderstad and Dayton Reardan. The '889 patent was later assigned to Jazz Pharmaceuticals. A copy of the '889 patent is attached hereto as Exhibit B.

9. On August 28, 2007, the USPTO duly and lawfully issued the '219 patent, entitled "Microbiologically Sound and Stable Solutions of Gamma-Hydroxybutyrate Salt for the Treatment of Narcolepsy" to inventors Harry Cook, Martha Hamilton, Douglas Danielson, Colette Goderstad and Dayton Reardan. The '219 patent was later assigned to Jazz Pharmaceuticals. A copy of the '219 patent is attached hereto as Exhibit C.

10. On December 14, 2010, the USPTO duly and lawfully issued the '506 patent, entitled "Microbiologically Sound and Stable Solutions of Gamma-Hydroxybutyrate Salt for the Treatment of Narcolepsy" to Jazz Pharmaceuticals as assignee of the inventors Harry Cook, Martha Hamilton, Douglas Danielson, Colette Goderstad and Dayton Reardan. A copy of the '506 patent is attached hereto as Exhibit D.

11. On February 22, 2011, the USPTO duly and lawfully issued the '059 patent, entitled "Sensitive Drug Distribution System and Method" to Jazz Pharmaceuticals as assignee of the inventors Dayton Reardan, Patti Engle and Bob Gagne. A copy of the '059 patent is attached hereto as Exhibit E.

12. On September 11, 2012, the USPTO duly and lawfully issued the '650 patent, entitled "Microbiologically Sound and Stable Solutions of Gamma-Hydroxybutyrate Salt for the Treatment of Narcolepsy" to Jazz Pharmaceuticals as assignee of the inventors Harry Cook, Martha Hamilton, Douglas Danielson, Colette Goderstad and Dayton Reardan. A copy of the '650 patent is attached hereto as Exhibit F.

13. On December 4, 2012, the USPTO duly and lawfully issued the '275 patent, entitled "Microbiologically Sound and Stable Solutions of Gamma-Hydroxybutyrate Salt for the Treatment of Narcolepsy" to Jazz Pharmaceuticals as assignee of the inventors Harry Cook, Martha Hamilton, Douglas Danielson, Colette Goderstad and Dayton Reardan. A copy of the '275 patent is attached hereto as Exhibit G.

### The XYREM® Drug Product

14. Jazz Pharmaceuticals holds an approved New Drug Application ("NDA") under Section 505(a) of the Federal Food Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a), for sodium oxybate oral solution (NDA No. 21-196), which it sells under the trade name XYREM®. The claims of the patents-in-suit cover, *inter alia*, pharmaceutical compositions containing sodium oxybate, and methods of use and administration of sodium oxybate or pharmaceutical compositions containing sodium oxybate. Jazz Pharmaceuticals owns the patents-in-suit.

15. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the '889, '219, '506, '059, '650, and '275 patents are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to XYREM®.

### Acts Giving Rise to This Suit

16. Pursuant to Section 505 of the FFDCA, Amneal filed ANDA No. 203631 ("Amneal's ANDA") seeking approval to engage in the commercial use, manufacture, sale, offer

for sale or importation of 500 mg/mL sodium oxybate oral solution ("Amneal's Proposed Product"), before the patents-in-suit expire.

17. In connection with the filing of its ANDA as described in the preceding paragraph, Amneal has provided a written certification to the FDA, as called for by Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Amneal's Paragraph IV Certification"), alleging that the claims of the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the activities described in Amneal's ANDA.

18. No earlier than December 10, 2012, Jazz Pharmaceuticals received written notice of Amneal's Paragraph IV Certification ("Amneal's Notice Letter") pursuant to 21 U.S.C. § 355(j)(2)(B). Amneal's Notice Letter alleged that the claims of the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the activities described in Amneal's ANDA. Amneal's Notice Letter also informed Jazz Pharmaceuticals that Amneal seeks approval to market Amneal's Proposed Product before the patents-in-suit expire.

### Count I: Infringement of the '431 Patent

19. Plaintiff repeats and realleges the allegations of paragraphs 1-18 as though fully set forth herein.

20. Amneal, through its submission of its Paragraph IV Certification as part of its ANDA to the FDA, has indicated that it seeks approval to engage in the commercial use, manufacture, sale, offer for sale, or importation of sodium oxybate oral solution, prior to the expiration of the '431 patent. Amneal's actions with respect to its ANDA show that there is a substantial controversy, between the parties, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

21. Amneal's submission of its ANDA to obtain approval to engage in the commercial use, manufacture, sale, offer for sale, or importation of sodium oxybate oral solution,

prior to the expiration of the '431 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

22. There is a justiciable controversy between the parties hereto as to the infringement of the '431 patent.

23. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will infringe the '431 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States.

24. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will induce infringement of the '431 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States. On information and belief, upon FDA approval of Amneal's ANDA, Amneal will intentionally encourage acts of direct infringement with knowledge of the '431 patent and knowledge that its acts are encouraging infringement.

25. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will contributorily infringe the '431 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States. On information and belief, Amneal has had and continues to have knowledge that Amneal's Proposed Product is especially adapted for a use that infringes the '431 patent and that there is no substantial non-infringing use for Amneal's Proposed Product.

26. Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Amneal's infringement of the '431 patent is not enjoined.

27. Jazz Pharmaceuticals does not have an adequate remedy at law.

28.     This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count II: Infringement of the '889 Patent

29.     Plaintiff repeats and realleges the allegations of paragraphs 1-28 as though fully set forth herein.

30.     Amneal's submission of its ANDA to obtain approval to engage in the commercial use, manufacture, sale, offer for sale, or importation of sodium oxybate oral solution, prior to the expiration of the '889 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

31.     There is a justiciable controversy between the parties hereto as to the infringement of the '889 patent.

32.     Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will infringe the '889 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States.

33.     Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will induce infringement of the '889 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States.  On information and belief, upon FDA approval of Amneal's ANDA, Amneal will intentionally encourage acts of direct infringement with knowledge of the '889 patent and knowledge that its acts are encouraging infringement.

34.     Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will contributorily infringe the '889 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States.  On information and belief, Amneal has had and continues to have knowledge that Amneal's

Proposed Product is especially adapted for a use that infringes the '889 patent and that there is no substantial non-infringing use for Amneal's Proposed Product.

35. Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Amneal's infringement of the '889 patent is not enjoined.

36. Jazz Pharmaceuticals does not have an adequate remedy at law.

37. This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count III: Infringement of the '219 Patent

38. Plaintiff repeats and realleges the allegations of paragraphs 1-37 as though fully set forth herein.

39. Amneal's submission of its ANDA to obtain approval to engage in the commercial use, manufacture, sale, offer for sale, or importation of sodium oxybate oral solution, prior to the expiration of the '219 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

40. There is a justiciable controversy between the parties hereto as to the infringement of the '219 patent.

41. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will infringe the '219 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States.

42. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will induce infringement of the '219 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States.  On information and belief, upon FDA approval of Amneal's ANDA, Amneal will intentionally

encourage acts of direct infringement with knowledge of the '219 patent and knowledge that its acts are encouraging infringement.

43. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will contributorily infringe the '219 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States. On information and belief, Amneal has had and continues to have knowledge that Amneal's Proposed Product is especially adapted for a use that infringes the '219 patent and that there is no substantial non-infringing use for Amneal's Proposed Product.

44. Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Amneal's infringement of the '219 patent is not enjoined.

45. Jazz Pharmaceuticals does not have an adequate remedy at law.

46. This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count IV: Infringement of the '506 Patent

47. Plaintiff repeats and realleges the allegations of paragraphs 1-46 as though fully set forth herein.

48. Amneal's submission of its ANDA to obtain approval to engage in the commercial use, manufacture, sale, offer for sale, or importation of sodium oxybate oral solution, prior to the expiration of the '506 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

49. There is a justiciable controversy between the parties hereto as to the infringement of the '506 patent.

50. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will infringe the '506 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States.

51. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will induce infringement of the '506 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States. On information and belief, upon FDA approval of Amneal's ANDA, Amneal will intentionally encourage acts of direct infringement with knowledge of the '506 patent and knowledge that its acts are encouraging infringement.

52. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will contributorily infringe the '506 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States. On information and belief, Amneal has had and continues to have knowledge that Amneal's Proposed Product is especially adapted for a use that infringes the '506 patent and that there is no substantial non-infringing use for Amneal's Proposed Product.

53. Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Amneal's infringement of the '506 patent is not enjoined.

54. Jazz Pharmaceuticals does not have an adequate remedy at law.

55. This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count V: Infringement of the '059 Patent

56. Plaintiff repeats and realleges the allegations of paragraphs 1-55 as though fully set forth herein.

57. Amneal's submission of its ANDA to obtain approval to engage in the commercial use, manufacture, sale, offer for sale, or importation of sodium oxybate oral solution, prior to the expiration of the '059 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

58. There is a justiciable controversy between the parties hereto as to the infringement of the '059 patent.

59. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will infringe the '059 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States.

60. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will induce infringement of the '059 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States. On information and belief, upon FDA approval of Amneal's ANDA, Amneal will intentionally encourage acts of direct infringement with knowledge of the '059 patent and knowledge that its acts are encouraging infringement.

61. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will contributorily infringe the '059 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States. On information and belief, Amneal has had and continues to have knowledge that Amneal's Proposed Product is especially adapted for a use that infringes the '059 patent and that there is no substantial non-infringing use for Amneal's Proposed Product.

62. Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Amneal's infringement of the '059 patent is not enjoined.

63. Jazz Pharmaceuticals does not have an adequate remedy at law.

64. This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count VI: Infringement of the '650 Patent

65. Plaintiff repeats and realleges the allegations of paragraphs 1-64 as though fully set forth herein.

66. Amneal's submission of its ANDA to obtain approval to engage in the commercial use, manufacture, sale, offer for sale, or importation of sodium oxybate oral solution, prior to the expiration of the '650 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

67. There is a justiciable controversy between the parties hereto as to the infringement of the '650 patent.

68. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will infringe the '650 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States.

69. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will induce infringement of the '650 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States.  On information and belief, upon FDA approval of Amneal's ANDA, Amneal will intentionally encourage acts of direct infringement with knowledge of the '650 patent and knowledge that its acts are encouraging infringement.

70. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will contributorily infringe the '650 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States.  On

information and belief, Amneal has had and continues to have knowledge that Amneal's Proposed Product is especially adapted for a use that infringes the '650 patent and that there is no substantial non-infringing use for Amneal's Proposed Product.

71. Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Amneal's infringement of the '650 patent is not enjoined.

72. Jazz Pharmaceuticals does not have an adequate remedy at law.

73. This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count VII: Infringement of the '275 Patent

74. Plaintiff repeats and realleges the allegations of paragraphs 1-73 as though fully set forth herein.

75. Amneal's submission of its ANDA to obtain approval to engage in the commercial use, manufacture, sale, offer for sale, or importation of sodium oxybate oral solution, prior to the expiration of the '275 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

76. There is a justiciable controversy between the parties hereto as to the infringement of the '275 patent.

77. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will infringe the '275 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States.

78. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will induce infringement of the '275 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States.  On information and belief, upon FDA approval of Amneal's ANDA, Amneal will intentionally

encourage acts of direct infringement with knowledge of the '275 patent and knowledge that its acts are encouraging infringement.

79. Unless enjoined by this Court, upon FDA approval of Amneal's ANDA, Amneal will contributorily infringe the '275 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, importing, and/or selling Amneal's Proposed Product in the United States.  On information and belief, Amneal has had and continues to have knowledge that Amneal's Proposed Product is especially adapted for a use that infringes the '275 patent and that there is no substantial non-infringing use for Amneal's Proposed Product.

80. Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Amneal's infringement of the '275 patent is not enjoined.

81. Jazz Pharmaceuticals does not have an adequate remedy at law.

82. This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jazz Pharmaceuticals respectfully requests the following relief:

(A) A Judgment be entered that Amneal has infringed the patents-in-suit by submitting ANDA No. 203631;

(B) A Judgment be entered that Amneal has infringed, and that Amneal's making, using, selling, offering to sell, or importing Amneal's Proposed Product will infringe one or more claims of the patents-in-suit;

(C) An Order that the effective date of FDA approval of ANDA No. 203631 be a date which is not earlier than the later of the expiration of the patents-in-suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(D) Preliminary and permanent injunctions enjoining Amneal and its officers, agents, attorneys and employees, and those acting in privity or concert with them, from making, using, selling, offering to sell, or importing Amneal's Proposed Product until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(E) A permanent injunction be issued, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Amneal, its officers, agents, attorneys and employees, and those acting in privity or concert with them, from practicing any methods as claimed in the patents-in-suit, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit, until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(F) A Declaration that the commercial manufacture, use, importation into the United States, sale, or offer for sale of Amneal's Proposed Product will directly infringe, induce and/or contribute to infringement of the patents-in-suit;

(G) To the extent that Amneal has committed any acts with respect to the compositions and methods claimed in the patents-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), that Plaintiff Jazz Pharmaceuticals be awarded damages for such acts;

(H) If Amneal engages in the commercial manufacture, use, importation into the United States, sale, or offer for sale of Amneal's Proposed Product prior to the expiration of the patents-in-suit, a Judgment awarding damages to Plaintiff Jazz Pharmaceuticals resulting from such infringement, together with interest;

(I) Attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

(J) Costs and expenses in this action; and

(K)     Such further and other relief as this Court may deem just and proper.

Dated:  January 18, 2012                                         By: s/ Charles M. Lizza
                                                                     Charles M. Lizza
                                                                     William C. Baton
                                                                     SAUL EWING LLP
                                                                     One Riverfront Plaza, Suite 1520
                                                                     Newark, New Jersey  07102-5426
                                                                     (973) 286-6700
                                                                     clizza@saul.com

                                                                     *Attorneys for Plaintiff*
*Of Counsel*:                                                        *Jazz Pharmaceuticals, Inc.*

F. Dominic Cerrito
Eric C. Stops
Gabriel P. Brier
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York  10010
(212) 849-7000

Richard G. Greco
RICHARD G. GRECO PC
90 State Street, Suite 700
Albany, New York 12207
(212) 203-7625

16

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I hereby certify that the matters captioned, *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*, Civil Action No. 10-6108 (ES)(SCM), *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*, Civil Action No. 11-660 (ES)(SCM), *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*, Civil Action No. 11-2523 (ES)(SCM), *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*, Civil Action No. 12-6761 (ES)(SCM), and *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*, Civil Action No. 12-7459 (ES)(SCM) are related to the matter in controversy because the matter in controversy involves the same plaintiff and the same patents.

I further certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  January 18, 2013

By: s/ Charles M. Lizza
Charles M. Lizza
William C. Baton
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey  07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Jazz Pharmaceuticals, Inc.*

*Of Counsel*:

F. Dominic Cerrito
Eric C. Stops
Gabriel P. Brier
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York  10010
(212) 849-7000

Richard G. Greco
RICHARD G. GRECO PC
90 State Street, Suite 700
Albany, New York 12207
(212) 203-7625