Charles M. Lizza
William C. Baton
Saul Ewing LLP
The Legal Center
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Jazz Pharmaceuticals, Inc.*

Paul H. Kochanksi
Lerner, David, Littenberg,
Krumholz & Mentlik, LLP
600 South Avenue West
Westfield, NJ 07090
(908) 654-5000
pkochanski@ldlkm.com

*Attorneys for Defendant*
*Amneal Pharmaceuticals, LLC*

Sean R. Kelly
Katherine A. Escanlar
Saiber LLC
18 Columbia Turnpike
Suite 200
Florham Park, NJ 07932
(973) 622-3333
skelly@saiber.com

*Attorneys for Defendant*
*Par Pharmaceutical, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAZZ PHARMACEUTICALS, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**AMNEAL PHARMACEUTICALS, LLC and PAR PHARMACEUTICAL, INC.,**<br><br>**Defendants.** | **Civil Action No. 13-391 (ES)(JAD) (Consolidated)**<br><br><br>**(Filed Electronically)** |

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Plaintiff Jazz Pharmaceuticals, Inc. ("Jazz") and Defendants Amneal Pharmaceuticals, LLC and Par Pharmaceutical, Inc. (collectively, "Defendants") hereby submit their Joint Claim Construction and Prehearing Statement in accordance with Local Patent Rule 4.3.

I.   **BACKGROUND**

This case arises out of Defendants' filing of Abbreviated New Drug Applications ("ANDA") with the U.S. Food and Drug Administration ("FDA"), which seek approval to market a generic version of Jazz's XYREM® product.  The active ingredient in XYREM® is sodium oxybate.  Jazz alleges, among other things, that Defendants' ANDA submissions to the FDA constitute infringement of certain claims of United States Patent Nos. 6,472,431 (the "'431 patent"), 6,780,889 (the "'889 patent"), 7,262,219 (the "'219 patent"), 7,851,506 (the "'506 patent"), 8,263,650 (the "'650 patent"), 8,324,275 (the "'275 patent"), and 8,461,203 (the "'203 patent") (collectively, the "'431 patent family"), and 7,668,730 (the "'730 patent"), 7,765,106 (the "'106 patent"), 7,765,107 (the "'107 patent"), 7,895,059 (the "'059 patent"), 8,457,988 (the "'988 patent"), and 8,589,182 (the "'182 patent") (collectively, the "'730 patent family") owned by Jazz (collectively, "the patents-in-suit") under 35 U.S.C. §271(e)(2).  Defendants allege, among other things, that the asserted claims are invalid and not infringed.[1]

Pursuant to Local Patent Rules 4.2(a)-(b), on August 22, 2014, the sides exchanged preliminary claim constructions and identified intrinsic as well as extrinsic evidence in support of their proposed preliminary constructions.  Pursuant to Local Patent Rule 4.2(c), on September 5, 2014, the sides exchanged intrinsic and extrinsic evidence opposing the other side's proposed

---

[1] Jazz has granted Amneal a covenant not to sue on the '730, '106, and '107 patents. *See Jazz Pharmaceuticals, Inc. v. Amneal Pharmaceuticals, LLC. et al.*, 2:13-cv-00391 (consolidated) (D.N.J. Jan. 18, 2013) ("*Jazz v. Amneal et al.*"), D.I. 20.  To the extent that Defendants propose constructions of claim terms recited only in the '730, '106, and/or '107 patents, Amneal does not join in Par's proposed constructions for those claim terms.

constructions.  Pursuant to Local Patent Rule 4.2(d), on September 16, 2014, counsel for the parties met and conferred for the purposes of narrowing the issues and preparation of the Joint Claim Construction and Prehearing Statement.

## II.   CONSTRUCTION OF PATENT TERMS

### A.     Agreed Upon Claim Constructions

Pursuant to Local Patent Rule 4.3(a), the parties identify the following five (5) claim terms and constructions upon which Plaintiff and Defendants agree:

| Claim Term, Phrase, Clause | Agreed Construction |
|---|---|
| "chemically stable"<br><br>('431 patent claims 1-7; '889 patent claim 1; '219 patent claims 1-4; '650 patent claims 1-18;<br>'203 patent claims 1-18) | Resistant to degradation of GHB into its known or unknown decomposition elements. |
| "first container means"<br><br>('650 patent claims 17, 18) | A container distinct from a second and third container. |
| "second container means"<br><br>('650 patent claims 17, 18) | A container distinct from a first and third container. |
| "delivery vehicles"<br><br>('650 patent claims 17, 18) | An instrument for assisting with the administration of the sodium gammahydroxybutyrate composition to a patient. |
| "another pharmacy"<br><br>('106 patent claims 1, 3, 5, 7; '107 patent claims 1, 4;'059 patent claims 7, 8, 10, 11, 15, 16; '988 patent claims 3, 11) | A pharmacy different than the exclusive central pharmacy.[2] |

---

[2]  The sides dispute the construction of "exclusive central pharmacy," but agree on the construction of "another."

**B.      Disputed Claim Terms**

Pursuant to Local Patent Rule 4.3(b), attached hereto as Exhibit A is a series of claim charts identifying the claim terms and phrases in dispute and the parties' proposed constructions, as well as intrinsic and extrinsic evidence that each side intends to rely upon either to support its proposed construction or to oppose the other side's proposed construction.

**C.      Claim Terms Whose Construction Will Be Most Significant**

Pursuant to Local Patent Rule 4.3(c), the sides were unable to agree which terms' "construction will be most significant to the resolution of the case."  Likewise, the sides were unable to agree which terms' "construction will be case or claim dispositive or substantially conducive to promoting settlement."

**1.      By Jazz:**

None of the disputed claims terms below will likely be dispositive to the outcome of this case.

To the extent that the Court construed any terms of the claims of the patents-in-suit in the action *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.*, Civil Action No. 10-6108 (ES)(MAH) ("the Roxane matter"), those terms should have the same construction in this matter. (*See* Civil Action No. 10-6108, D.I. 151, 152.)  Jazz reserves its right, however, to appeal the Court's claim constructions in both this matter and in the Roxane matter.

Jazz disagrees with Defendants' contention that the claim term "third container means" should be subject to "means-plus-function" requirements of 35 U.S.C. § 112, ¶ 6.  This claim term does not contain the language associated with means-plus-function claims, and the Patent

Office did not interpret this claim term as being subject to § 112, ¶ 6.  Jazz further disagrees with Defendants' contention that this claim term is indefinite.[3]

### 2.    By Defendants:

Local Patent Rule 4.3(c) requires the parties to identify whether any disputed terms will be significant to the resolution of the case, case or claim dispositive, and/or substantially conducive to promoting settlement. Despite both sides' best efforts to reach agreement on all terms, there are still 16 claim construction issues in dispute.

Five (5) of the claim terms in dispute may be dispositive of Plaintiff's allegations that one or more Defendants infringe one or more claims of one or more of the patents-in-suit.  And one (1) of the disputed terms may be dispositive of one basis for Defendants' counterclaims of invalidity of two claims of one patent-in-suit in this litigation.

First, the claim term "an aqueous composition comprising a first dose… and an aqueous composition comprising a second dose" may be dispositive of Plaintiff's allegation that Defendants infringe the claims of the '506 patent.

Second, the claim terms "pH of about … to about …," "pH is about … to about …," and "pH of about …" may be dispositive of Plaintiff's allegation that Defendants infringe claim 1 of the '889 patent; claims 1-4 of the '219 patent; and claims 2-4 of the '650 patent.

Third, "exclusive central pharmacy" may be dispositive of Plaintiff's allegation that Amneal infringes the claims of the '059 and '988 patents. Both sides agree to the construction of "exclusive" as "single or sole," consistent with the *Markman* order in *Jazz Pharmaceuticals, Inc.*

---

[3] Jazz also disagrees with Defendants' assertion that the claim term "wherein the one or more container means are selected from the group consisting of a drinking cup, a dosing cup, a syringe, a pipette, a vial, an ampule, a test tube, a flask, a bottle, and a pouch syringe" does not require construction.  Defendants fail to identify why their proposed non-construction of this term will be significant to the resolution of this case.

*v. Roxane Laboratories, Inc.*, 2:10-cv-06108-ES-SCM (consolidated) (D.N.J. Nov. 22, 2010), D.I. 151, at pp. 33-34.  However, the remaining "central pharmacy" portion of the claim term remains in dispute. Also, construction of "exclusive central pharmacy" will aid in the construction of four (4) additional terms:

- "another pharmacy,"

- "dispensed to the patient by another pharmacy,"

- "dispensed to the narcoleptic patient by another pharmacy," and

- "exclusive computer database associated with the exclusive central pharmacy."

Fourth, the claim term "dispensed to the patient by another pharmacy" may be dispositive of Plaintiff's allegation that Amneal infringes claims 7, 8, 10, 11, 15, and 16 of the '059 patent; similarly, the claim term "dispensed to the narcoleptic patient by another pharmacy" may be dispositive of Plaintiff's allegation that Amneal infringes claims 3 and 11 of the '988 patent.

Fifth, the claim term "third container means" may be dispositive of Defendants' counterclaim of invalidity of claims 17 and 18 of the '650 patent for lacking a corresponding structure. And Defendants cannot infringe an invalid claim. As detailed in Exhibit A, Defendants contend that this is a means-plus-function limitation without sufficient disclosure of corresponding structure in the specification.

In addition, Defendants contend that the Court take the plain and ordinary meaning of the phrase "wherein the one or more container means are selected from the group consisting of a drinking cup, a dosing cup, a syringe, a pipette, a vial, an ampule, a test tube, a flask, a bottle,

and a pouch syringe." This phrase is clear on its face and would be readily understood by those of ordinary skill in the art.[4]

Defendants reserve the right to edit or modify the proposed constructions and identification of disputed and agreed-upon terms identified herein, whether collectively or independently.

### D.   Anticipated Length of Time Necessary for the Claim Construction Hearing

Pursuant to Local Patent Rule 4.3(d), both sides anticipate that the Court will be able to conduct a hearing on the meaning of the disputed terms in less than one day.

### E.   Identification of Witnesses for the Claim Construction Hearing

Pursuant to Local Patent Rule 4.3(e), both sides do not currently plan to call any witnesses at the claim construction hearing.

---

[4] Defendants disagree with Jazz's statement in footnote 3, p. 4. Defendants have proposed that the court give this disputed phrase its plain and ordinary meaning, and reject Jazz's proposed construction which is inconsistent with the phrase's plain and ordinary meaning.

Dated:  September 22, 2014

Respectfully submitted,                        Respectfully submitted,

By:   s/ Charles M. Lizza                        By:    s/ Paul H. Kochanski
     Charles M. Lizza                              Paul H. Kochanski
     William C. Baton                              LERNER, DAVID, LITTENBERG,
     SAUL EWING LLP                                  KRUMHOLZ & MENTLIK, LLP
     One Riverfront Plaza, Suite 1520              600 South Avenue West
     Newark, New Jersey 07102-5426                 Westfield, New Jersey 07090
     (973) 286-6700                                (908) 654-5000
     clizza@saul.com                              pkochanski@ldlkm.com

     OF COUNSEL:                                   OF COUNSEL:

     F. Dominic Cerrito                            H. Keeto Sabharwal (*pro hac vice*)
     Eric C. Stops                                 Dennies Varughese (*pro hac vice*)
     Gabriel P. Brier                              Deborah Sterling (*pro hac vice*)
     QUINN EMANUEL URQUHART                        Krishan Thakker (*pro hac vice*)
       & SULLIVAN LLP                             STERNE, KESSLER, GOLDSTEIN
     51 Madison Avenue                               & FOX PLLC
     22nd Floor                                    1100 New York Ave., N.W.
     New York, New York  10010                     Suite 800
     (212) 849-7000                                Washington, DC 20005-3934
                                                   (202) 371-2600

     Richard G. Greco
     RICHARD G. GRECO PC                           *Attorneys for Defendant*
     90 State Street, Suite 700                    *Amneal Pharmaceuticals, LLC*
     Albany, New York  12207
     (212) 203-7625

     *Attorneys for Plaintiff*
     *Jazz Pharmaceuticals, Inc.*

                                              By:    s/ Sean R. Kelly
                                                   Sean R. Kelly
                                                   Katherine A. Escanlar
                                                   SAIBER LLC
                                                   18 Columbia Turnpike
                                                   Suite 200
                                                   Florham Park, NJ 07932
                                                   (973) 622-3333
                                                   skelly@saiber.com

8

OF COUNSEL:

Richard J. Berman
Janine A. Carlan
Aziz Burgy
Bradford C. Frese
Stephen Yang
Scott A. Bergeson
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20036-5342
(202) 857-6000

*Attorneys for Defendant*
*Par Pharmaceutical, Inc*

# EXHIBIT A

Exhibit A

**Disputed Claim Terms**

**'431 PATENT FAMILY**

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| "wherein the one or more container means are selected from the group consisting of a drinking cup, a dosing cup, a syringe, a pipette, a vial, an ampule, a test tube, a flask, a bottle, and a pouch syringe"<br><br>('650 patent claim 16) | At least one container means is a drinking cup, a dosing cup, a syringe, a pipette, a vial, an ampule, a test tube, a flask, a bottle, or a pouch syringe. | '650 patent at col. 9:65 to col. 10:42; col. 15:62 to col. 16:37; col. 28:9-14.<br><br>'650 patent file history. | Plain and ordinary meaning. | Intrinsic Evidence<br><br>The '650 patent, col. 9, line 65, to col. 10, line 42; col. 15, line 62, to col. 16, line 37; col. 18, ll. 3-5; col. 17, ll. 25-30; col. 20, ll. 40-44; col. 22, ll. 40-67; col. 23, line 63, to col. 24, line 16; col. 28, ll. 4-25; col. 36, line 66, to col. 37, line 6; col. 71, ll. 1-6 (AMNXYR_000006947- AMNXYR_000006986)<br><br>Extrinsic Evidence<br><br>Remington: The Science and Practice of Pharmacy, 19th Ed. (1995): "A pharmaceutical |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | container has been defined as a device which holds the drug and is, or may be, in direct contact with the preparation. The immediate container is described as that which is in direct contact with the drug at all times." (AMNXYR_000007747 - AMNXYR_000007757) |
| "third container means" ('650 patent claims 17, 18) | A container distinct from a first and second container. | '650 patent at col. 9:65 to col. 10:42; col. 15:62 to col. 16:37; col. 28:9-14.\n\n'650 patent file history. | Defendants contend that the term "third container means" is a means-plus-function claim within the scope of 35 U.S.C. § 112, ¶6.\n\nFunction: "third container means capable of retaining a first container means, a second container means, and one or more delivery vehicles capable of administering the pharmaceutical composition to the | 35 U.S.C. § 112, ¶6.\n\nIntrinsic Evidence\n\nThe '650 patent, col. 9, line 65, to col. 10, line 42; col. 15, line 62, to col. 16, line 37; col. 17, ll. 25-30; col. 18, ll. 3-5; col. 20, ll. 40-44; col. 22, ll. 40-67; col. 23, line 63, to col. 24, line 16; col. 28, ll. 4-25; col. 36, line 66, to col. 37, line 6; col. 71, ll. 1-6; col. 71, line 7, to col. 72, line 5 |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | patient"<br><br>Defendants contend that the term "third container means" should be construed as a means-plus-function term within the scope of 35 U.S.C. § 112, ¶6. *See Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1375 (Fed. Cir. 2003); *Biomedino, LLC v. Waters Technologies Corp.*, 490 F.3d 946, 950 (Fed. Cir. 2007). This claim requires that the third container means has a function, but gives the means no structure: "third container means capable of retaining a first container means, a second container means, and one or more delivery vehicles capable of administering the pharmaceutical composition to the patient." The | (AMNXYR_000006947 - AMNXYR_000006986)<br><br>Extrinsic Evidence<br><br>Remington: The Science and Practice of Pharmacy, 19th Ed. (1995): "A pharmaceutical container has been defined as a device which holds the drug and is, or may be, in direct contact with the preparation.  The immediate container is described as that which is in direct contact with the drug at all times." (AMNXYR_000007747 - AMNXYR_000007757) |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | specification fails to provide sufficient disclosure of a structure for the "third container means" making this term, and any claim in which it appears, indefinite: a lack of sufficient disclosure of structure under 35 U.S.C. § 112, ¶6, renders a claim indefinite, and thus not amenable to construction. *See In re Aoyama*, 656 F.3d 1293, 1298 (Fed. Cir. 2011) (quoting *Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d 1325, 1332 (Fed. Cir. 2010) ("If a claim is indefinite, the claim, by definition, cannot be construed.")). | |
| "an aqueous composition comprising a first dose . . . and an aqueous composition comprising a second dose" | No construction necessary. | '506 patent at col. 9:22-34; 25:45-52; 26:18-20.<br><br>'506 patent file history, including 4/2/2009 Response at 33-35; | "an aqueous composition as orally administered to the patient as a first dose… and an aqueous composition as orally | Intrinsic Evidence<br><br>The '506 patent, col. 2, line 67, to col. 3, line 3; col. 8, line 65, to col. 9, line 19; col. 9, ll. 50- 56, |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| ('506 patent claims 1-3) | | 1/11/2010 Response at 5-7.<br><br>McGraw-Hill Dictionary of Scientific and Technical Terms (5th ed.) at 605.<br><br>Merriam Webster's Collegiate Dictionary (10th ed.) at 346.<br><br>Stedman's Medical Dictionary (26th Ed. 1995) at 517. | administered to the patient as a second dose" | line 66 to col. 10, line 33; col. 12, ll. 53-65; col. 15, ll. 6- 26, 51-66; col. 17, ll. 36-40; col. 18, ll. 29-67; col. 19, ll. 6- 8; col. 25, ll. 48-51; col. 27, ll. 31-32; col. 28, line 65, to col. 29, line 7; col. 30, ll. 10-11; col. 72, ll. 19-33 (AMNXYR_000006879 - AMNXYR_000006920)<br><br>The '275 patent, col. 72, ll. 10- 45 (AMNXYR_000006987 - AMNXYR_000007027)<br><br>Prosecution History of the '506 patent, including, but not limited to, claim 1 as filed, p. 101; Amendment and Response filed April 6, 2009, in particular, pp. 29-30; Amendment and Response filed July 28, 2010, in particular, pp. 2 |

5

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | and 4; Notice of Allowance mailed October 8, 2010, in particular, Notice of Allowability at p. 2 (AMNXYR_000011263 - AMNXYR_000012256, including, but not limited to, AMNXYR_000011266, AMNXYR_000012072-AMNXYR_000012114, AMNXYR_000012195-AMNXYR_000012204, AMNXYR_000012213-AMNXYR_000012219)<br><br>Prosecution History of the '275 patent, including, but not limited to, Amendment and Response filed August 24, 2012, in particular, pp. 5-6 (AMNXYR_000013415 - AMNXYR_000014142, including, but not limited to, AMNXYR_000013639- |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | AMNXYR_000013651)<br><br>Prosecution History of the '431 patent, including, but not limited to, claim 56 as filed, p. 111 (AMNXYR_000018210 - AMNXYR_000018528, including, but not limited to, AMNXYR_000018340)<br><br>Prosecution History of U.S. Patent Application No. 12/913,644, including, but not limited to, Preliminary Amendment dated January 10, 2011, in particular, pp. 31-32 (AMNXYR_000018529 - AMNXYR_000018857, including, but not limited to, AMNXYR_000018685-AMNXYR_000018717)<br><br>Prosecution History of |

| Term<br>(Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | U.S. Patent Application No. 13/685,561, including, but not limited to, claims 1, 3-5, and 9 as filed, pp. 101-102 (AMNXYR_000075594-AMNXYR_000076147, including, but not limited to, AMNXYR_000075695-AMNXYR_000075696)<br><br>Prosecution History of U.S. Patent Application No. 13/787,437, including, but not limited to, Amendment and Response filed October 25, 2013, in particular, pp. 2-6; Amendment filed January 10, 2014, in particular, pp. 2-6 (AMNXYR_000076148-AMNXYR_000076643, including, but not limited to, AMNXYR_000076461- |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | AMNXYR_000076468; AMNXYR_000076530-AMNXYR_000076537)<br><br>Extrinsic Evidence<br><br>Webster's Ninth New Collegiate Dictionary (1991) (AMNXYR_000018861 - AMNXYR_000018866) |
| "pH of about … to about …";<br>"pH is about … to about …";<br>"pH of about …"<br><br>('431 patent claims 1-7; '889 patent claim 1; '219 patent claims 1-4; '650 patent claims 1-18; '203 patent claims 1-16) | No construction necessary. | '431 patent at col. 3:55-4:9; 4:40-5:35;<br>'431 file history, 8/10/01 Response at 7-11; 3/6/02 Response at 4-6;<br>Merriam Webster's Collegiate Dictionary (10th ed.) at 3. | "A pH that is no more than ±0.05 of the listed value." | *Roxane Markman Order*, at pp. 14-16 ("Because of the patent's extensive list of each one-tenth of a pH value, the definitions for 'about 3.1,' 'about 3.2,' and 'about 3.3' are clear.").<br><br>'431 patent, col. 3, line 56 – col. 4, line 4; col. 4, ll. 45-52;<br>'889 patent, col. 3, line 59 – col. 4, line 8; col. 4, ll. 46-53;<br>'219 patent, col. 4, ll. 12-31; col. 5, ll. 6-15; |

9

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | '506 patent, col. 3, line 66 – col. 4, line 7; col. 4, ll. 44-51; '650 patent, col. 3, line 59 – col. 4, line 14; col. 4, ll. 51-58; '203 patent, col. 3, line 62 – col. 4, line 11; col. 4, ll. 48-55 |
| "concentration [of, is] … about … mg/ml"; "aqueous solution [of, comprising, contains] about … mg/ml" ('431 patent claims 1-7; '889 patent claim 1; '219 patent claims 1-4; '506 patent claims 1-3; '650 patent claims 1-18; '275 patent claims 1-4; '203 patent claims 1-16) | No construction necessary. | '431 patent at col. 4:10-24; 4:40-5:35; '431 file history, 8/10/01 Response at 7-11; 3/6/02 Response at 4-6; Merriam Webster's Collegiate Dictionary (10th ed.) at 3. | "A concentration, or an aqueous solution with a concentration, that is no more than ± 5 mg/ml of the listed value." | *Roxane Markman Order*, at pp. 14-16 ("Because of the patent's extensive list of each one-tenth of a pH value, the definitions for 'about 3.1,' 'about 3.2,' and 'about 3.3' are clear."). '431 patent, col. 4, ll. 10-24, 45-52; col. 5, line 51 - col. 6, line 16; '219 patent, col. 4, ll. 35-51; col. 5, ll. 6-15; col. 6, ll. 16-61; '506 patent, col. 4, ll. 11-24, 44-51; col. 5, line 49 – col. 6, line 16; '650 patent, col. 4, ll. 18-31, 51-58; col. 5, |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | line 56 – col. 6, line 24; '203 patent, col. 4, ll. 14-27, 48-55; col. 5, line 53 – col. 6, line 21; '275 patent, col. 4, ll. 14-27, 48-55; col. 5, line 53 – col. 6, line 21 |
| "dose of about … to about … grams" ('506 patent claims 1-3; '275 patent claims 1-4) | No construction necessary. | '431 patent at col. 9:1-44; '506 file history, 1/11/10 Response at 5-8; '275 file history, 8/24/12 response at 5-11; Merriam Webster's Collegiate Dictionary (10th ed.) at 3. | "A dose that is no more than ±0.05 g of the listed value." | *Roxane Markman* Order, at pp. 14-16 ("Because of the patent's extensive list of each one-tenth of a pH value, the definitions for 'about 3.1,' 'about 3.2,' and 'about 3.3' are clear."). '431 patent, col. 9, ll. 1–44; '506 patent, col. 8, line 43 – col. 9, line 18; '275 patent, col. 8, line 49 – col. 9, line 24 |

**Exhibit A**

**Disputed Claim Terms**

**'730 PATENT FAMILY**

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| "exclusive central pharmacy" ('730 patent claims 1-11; '107 patent claims 1-6; '059 patent claims 1-16; '988 patent claims 1-15) | No construction necessary. | '730 patent at col. 2:10-15, 3:34-45, 7:38-52, 7:65-8:3, Abstract, FIG. 7. '730 patent file history, including 3/10/2005 Response at 16-17; 3/29/2006 Response at 5, 8; 1/17/2007 Response at 13-14; 5/21/2007 Appeal Brief at 17, 22; 7/18/2007 Substitute Appeal Brief at 22; 12/3/2007 Reply Brief at 2-3; 9/2/2009 BPAI Decision at 5, 9; 11/2/2009 Response at 9-14; 12/31/2009 Notice of Allowance at 2-11. '107 patent file history, including Petition to Make Special at 5-6; 11/3/2009 Response at 6-12; 3/10/2010 Notice | "the single or sole location where the approved prescription is filled and dispensed" | *Jazz Pharmaceuticals, Inc. v. Roxane Laboratories, Inc.,* 2:10-cv-06108-ES-SCM (consolidated) (D.N.J. Nov. 22, 2010), D.I. 151 ("*Roxane Markman Order*"), at pp. 33- 34 Intrinsic Evidence The '059 patent, col. 1, ll. 30- 32; col. 3, ll. 46-48; col. 5, ll. 12-14, 31-60, and 65-67; col. 6, ll. 20-22, 27-31, 39-44, and 48-55; Figs. 2B, 2C, 4A, and 4B (AMNXYR_000006921 - AMNXYR_000006946) The '988 patent, col. 1, ll. 35- 37; col. 3, ll. 50-52; col. 5, ll. 16-18, 35-63; col. 6, ll. 1-3, 23-25, |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | of Allowance at 5-6.<br><br>'059 patent file history, including 12/21/2010 Notice of Allowance at 2-3.<br><br>McGraw-Hill Dictionary of Scientific and Technical Terms (5th ed.) at 1484.<br><br>Merriam Webster's Collegiate Dictionary (10th ed.) at 871.<br><br>Stedman's Medical Dictionary (26th Ed. 1995) at 1341. | | 30-34, 42-47; Figs. 2B, 2C, 4A, and 4B (AMNXYR_000007028 - AMNXYR_000007051)<br><br>Prosecution History of U.S. Patent No. 7,668,730 ("the '730 patent"), including, but not limited to, Response to Restriction Requirement and Amendment and Response filed September 29, 2005, in particular, p. 17; Amendment and Response filed March 29, 2006, in particular, pp. 3-5 and 8; Amendment and Response filed January 17, 2007, in particular, p. 10; Appeal Brief filed May 21, 2007, in particular, p. 20; Reply Brief filed December 3, 2007, pp. 1-4; Board of Patent Appeals and Interferences Decision |

| Term<br>(Patent Claims) | Jazz's Proposed<br>Definition | Jazz's Evidence | Defendants' Proposed<br>Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | dated September 2, 2009, in particular, pp. 5, 8, and 9; Amendment and Response filed November 2, 2009, in particular, pp. 9 and 11 (AMNXYR_000008286 - AMNXYR_000009102, including, but not limited to, AMNXYR_000008475- AMNXYR_000008493; AMNXYR_000008514- AMNXYR_000008524; AMNXYR-000008730- AMNXYR_000008745; AMNXYR_000008760- AMNXYR_000008791; AMNXYR_000008856- AMNXYR_000008859; AMNXYR_000008981- AMNXYR_000008996)<br><br>Prosecution History of the '107 patent, including, but not limited to, Amendment and Response filed November 3, 2009, in particular, pp. 6-12; |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | Notice of Allowability dated March 10, 2010, in particular, pp. 5-6 (AMNXYR_000009976 - AMNXYR_000010497, including, but not limited to, AMNXYR_000010085-AMNXYR_000010102; AMNXYR_000010333-AMNXYR_000010342) |
| | | | | _Extrinsic Evidence_ |
| | | | | Webster's Ninth New Collegiate Dictionary (1991) (AMNXYR_000018861 - AMNXYR_000018866) |
| | | | | Dorland's Illustrated Medical Dictionary (1994) (AMNXYR_000018858 - AMNXYR_000018860) |
| | | | | Jazz Pharmaceuticals, Inc., Q4 2013 Earnings |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | Conference Call, February 25, 2014 (AMNXYR_000075234 - AMNXYR_000075246)<br><br>Jazz Pharmaceuticals, Inc., Q1 2014 Earnings Conference Call, May 8, 2014 (AMNXYR_000075353 - AMNXYR_000075371)<br><br>Jazz Pharmaceuticals Public Limited Company, Form 10-Q for the quarterly period ended March 31, 2014, dated May 8, 2014 (AMNXYR_000075372 - AMNXYR_000075472)<br><br>Jazz Pharmaceuticals Public Limited Company, Form 10-Q for the quarterly period ended June 30, 2014, dated August 5, 2014 |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | (AMNXYR_000075473 - AMNXYR_000075571) |
| "exclusive computer database" ('730 patent claims 1-11; '106 patent claims 1-8; '107 patent claims 1-6; '059 patent claims 1-16; '988 patent claims 1-15) | No construction necessary. | '730 patent at col. 2:10-15, 3:34-45, 7:38-52, 7:65-8:3, Abstract, FIG. 7. '730 patent file history, including 3/10/2005 Response at 16-17; 3/29/2006 Response at 5, 8; 1/17/2007 Response at 13-14; 5/21/2007 Appeal Brief at 17, 22; 7/18/2007 Substitute Appeal Brief at 22; 12/3/2007 Reply Brief at 2-3; 9/2/2009 BPAI Decision at 5, 9; 11/2/2009 Response at 9-14; 12/31/2009 Notice of Allowance at 2-11. '107 patent file history, including Petition to Make Special at 5-6; 11/3/2009 Response at 6-12; 3/10/2010 Notice of Allowance at 5-6. | "a single or sole computer database" | *Roxane Markman Order*, at pp. 33-34 Intrinsic Evidence The '059 patent, col. 1, ll. 46-50; col. 7, ll. 65-67 (AMNXYR_000006921 - AMNXYR_000006946) The '988 patent, col. 1, ll. 50-54; col. 7, line 67, to col. 8, line 2 (AMNXYR_000007028 - AMNXYR_000007051) Prosecution History of the '730 patent, including, but not limited to, Response to Restriction Requirement and Amendment and Response filed October 3, 2005, in particular, |

17

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | '059 patent file history, including 12/21/2010 Notice of Allowance at 2-3.<br><br>McGraw-Hill Dictionary of Scientific and Technical Terms (5th ed.) at 518. Merriam Webster's Collegiate Dictionary (10th ed.) at 293. | | pp. 16-17; Amendment and Response filed March 29, 2006, in particular, pp. 3-5, 8; Amendment and Response filed January 17, 2007, in particular, p. 13; Reply Brief filed December 3, 2007, pp. 1-4; Board of Patent Appeals and Interferences Decision dated September 2, 2009, in particular, pp. 5, 8, and 9; Amendment and Response filed November 2, 2009, in particular, p. 9-13 (AMNXYR_000008286 - AMNXYR_000009102, including, but not limited to, AMNXYR_000008475-AMNXYR_000008493; AMNXYR_000008514-AMNXYR_000008524; AMNXYR_000008730-AMNXYR_000008745; AMNXYR_000008856-AMNXYR_000008859; |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | AMNXYR_000008875-AMNXYR_000008888; AMNXYR_000008981-AMNXYR_000008996) Prosecution History of the '107 patent, including, but not limited to, Amendment and Response filed November 3, 2009, in particular, pp. 6-12; Notice of Allowability dated March 10, 2010, in particular, pp. 5-6 (AMNXYR_000009976 - AMNXYR_000010497, including, but not limited to, AMNXYR_000010085-AMNXYR_000010102; AMNXYR_000010333-AMNXYR_000010342) Extrinsic Evidence Webster's Ninth New Collegiate Dictionary (1991) (AMNXYR_000018861 |

19

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | - AMNXYR_000018866) |
| "dispensed to the patient by another pharmacy" ('059 patent claims 7, 8, 10, 11, 15, 16) | No construction necessary. | '730 patent at 1:65-2:2; 3:34-45. '730 patent file history, including 3/10/2005 Response at 17. McGraw-Hill Dictionary of Scientific and Technical Terms (5th ed.) at 1484. Merriam Webster's Collegiate Dictionary (10th ed.) at 335, 871. Stedman's Medical Dictionary (26th Ed. 1995) at 510, 1341. | "making the prescription drug that was dispensed by the central pharmacy available for pick-up by the patient at another pharmacy" | Intrinsic Evidence The '059 patent, col. 2, ll. 4-5 (AMNXYR_000006921 - AMNXYR_000006946) Extrinsic Evidence Webster's Ninth New Collegiate Dictionary (1991) (AMNXYR_000018861 - AMNXYR_000018866) Jazz Pharmaceuticals, Inc., Q4 2013 Earnings Conference Call, February 25, 2014 (AMNXYR_000075234 - AMNXYR_000075246) Jazz Pharmaceuticals, Inc., Q1 2014 Earnings Conference Call, May 8, 2014 (AMNXYR_000075353 |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | - AMNXYR_000075371) Jazz Pharmaceuticals Public Limited Company, Form 10-Q for the quarterly period ended March 31, 2014, dated May 8, 2014 (AMNXYR_000075372 - AMNXYR_000075472) Jazz Pharmaceuticals Public Limited Company, Form 10-Q for the quarterly period ended June 30, 2014, dated August 5, 2014 (AMNXYR_000075473 - AMNXYR_000075571) |
| "dispensed to the narcoleptic patient by another pharmacy" ('988 patent claims 3, 11) | No construction necessary. | '730 patent at 1:65-2:2; 3:34-45. '730 patent file history, including 3/10/2005 Response at 17. McGraw-Hill Dictionary of Scientific | "making the prescription drug that was dispensed by the central pharmacy available for pick-up by the narcoleptic patient at another pharmacy" | Intrinsic Evidence The '988 patent, col. 2, ll. 8-9 (AMNXYR_000007028 - AMNXYR_000007051) Extrinsic Evidence |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | and Technical Terms (5th ed.) at 1484. Merriam Webster's Collegiate Dictionary (10th ed.) at 335, 871. Stedman's Medical Dictionary (26th Ed. 1995) at 510, 1341. | | Webster's Ninth New Collegiate Dictionary (1991) (AMNXYR_000018861 - AMNXYR_000018866) Jazz Pharmaceuticals, Inc., Q4 2013 Earnings Conference Call, February 25, 2014 (AMNXYR_000075234 - AMNXYR_000075246) Jazz Pharmaceuticals, Inc., Q1 2014 Earnings Conference Call, May 8, 2014 (AMNXYR_000075353 - AMNXYR_000075371) Jazz Pharmaceuticals Public Limited Company, Form 10-Q for the quarterly period ended March 31, 2014, dated May 8, 2014 (AMNXYR_000075372 - AMNXYR_000075472) |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | Jazz Pharmaceuticals Public Limited Company, Form 10-Q for the quarterly period ended June 30, 2014, dated August 5, 2014 (AMNXYR_000075473 - AMNXYR_000075571) |
| "generating with the computer processor periodic reports via the exclusive computer database" (’730 patent, claims 1-10; ’059 patent claims 1-13; ’988 patent claims 1-15) | No construction necessary. | ’730 patent at 2:10-15, 2:49-57; 8:23-29; ’730 patent file history, including 9/30/04 Pre-examination statement at 3-14; 9/29/05 Response at 15; 3/29/06 Response at 6; 1/17/07 Response at 11; 12/31/09 Notice of Allowability at 10-11. ’107 patent file history, including 3/10/2010 Notice of Allowance at 5-6. ’059 patent file history, including 12/21/2010 Notice of Allowance at | "querying the exclusive computer database to obtain information, such as, prescriptions by physician, prescriptions by patient name, prescriptions by frequency, and prescriptions by dose" | *Roxane Markman* Order, at pp. 33-34 Intrinsic Evidence The '059 patent, col. 2, ll. 19-21; col. 7, ll. 53-67; col. 8, ll. 22-29; Fig. 4B, 436; Fig. 8 (AMNXYR_000006921 - AMNXYR_000006946) The '988 patent, col. 2, ll. 23-25; col. 7, line 55, to col. 8, line 2; col. 8, ll. 24-31; Fig. 4B, 436; Fig. 8 (AMNXYR_000007028 - AMNXYR_000007051) |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | 2-3.<br><br>McGraw-Hill Dictionary of Scientific and Technical Terms (5th ed.) at 518. Merriam Webster's Collegiate Dictionary (10th ed.) at 293. | | Prosecution History of the '730 patent, including, but not limited to, claim 11 as filed, p. 14; Substitute Appeal Brief filed July 18, 2007, in particular, pp. 6-11 (AMNXYR_000008286 - AMNXYR_000009102, including, but not limited to, AMNXYR_000008302; AMNXYR_000008801- AMNXYR_000008832)<br><br>Extrinsic Evidence<br><br>Webster's Ninth New Collegiate Dictionary (1991) (AMNXYR_000018861 - AMNXYR_000018866) |

| Term<br>(Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| "exclusive computer database associated with the exclusive central pharmacy"<br><br>('730 patent claims 1-11; '059 patent claims 1-5; '988 patent claims 1-15) | No construction necessary. | '730 patent at 1:34-3:13; 3:34-4:6; 6:9-14; 7:38-8:29;<br><br>'730 patent file history, including 9/30/04 Pre-examination statement at 2-15; 9/29/05 Response at 13-17; 3/29/06 Response at 5-9; 7/29/06 Proposed claims for examiner interview at 5; 7/31/06 Fax re Proposed interview agenda and Proposed claims for examiner interview at 6; 1/17/07 Response at 10-14; 5/21/07 Appeal brief at 7-13, 19-23; 12/3/07 Reply brief at 1-3; 11/2/09 Response at 10-13; 12/31/09 Notice of Allowability at 10-11.<br><br>'107 patent file history, including 3/10/2010 Notice of Allowance at 5-6.<br><br>'059 patent file history, | "a single or sole computer database that is controlled by, that is maintained by, or data is entered into by, the single or sole location where the approved prescription is filled and dispensed" | *Roxane Markman Order*, at pp. 33-34 ("The Court's construction [of the term "exclusive"] is 'single or sole.'").<br><br>Intrinsic Evidence<br><br>'730 patent, col. 5, ll. 50-51 ("At **254**, the pharmacist enters the prescription order in the database[.]"); *also* '059 patent, col. 5, ll. 55-56; '988 patent, col. 5, ll. 58-59.<br><br>'730 patent/'059 patent/'988 patent, FIGS. 2A-2C and 9; '730 patent, claim 3 ("The method of claim 2 wherein the exclusive central pharmacy controls the exclusive computer database."); *see also* '059 patent, claim 2; '988 patent, claim 5 ("The method of claim |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | including 12/21/2010 Notice of Allowance at 2-3.<br><br>McGraw-Hill Dictionary of Scientific and Technical Terms (5th ed.) at 518. Merriam Webster's Collegiate Dictionary (10th ed.) at 293. | | 1, wherein the exclusive central pharmacy enters data into the exclusive computer database.") *see also* '988 patent, claim 13.<br><br>'988 patent, col. 1, ll. 35-37, 50-54; col. 3, ll. 50-52; col. 5, ll. 16-18, 35-63; col. 6, ll. 1-3, 23-25, 30-34, 42-47; col. 7, line 67, to col. 8, line 2 (AMNXYR_000007028 - AMNXYR_000007051).<br><br>'730 patent, col. 1, ll. 24-26; col. 3, ll. 40-42; col. 5, ll. 6-8, 27-53; col. 6, ll. 61-63, 15-18, 23-27;<br><br>The '059 patent, col. 1, ll. 30-32, 46-50; col. 3, ll. 46-48; col. 5, ll. 12-14, 31-60, and 65-67; col. 6, ll. 20-22, 27-31, 39-44, 48-55; col. 7, ll. 65- |

26

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | 67 (AMNXYR_000006921 - AMNXYR_000006946) '107 patent, claim 1 ("an exclusive central pharmacy that maintains a central database that tracks all prescriptions of said prescription drug…"). Prosecution History of the '730 patent, including, but not limited to, Amendment and Response filed January 17, 2007, in particular, p. 10; Reply Brief filed December 3, 2007, pp. 1-4; Board of Patent Appeals and Interferences Decision dated September 2, 2009, in particular, pp. 5, 8, and 9; Amendment and Response filed November 2, 2009, in |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | particular, p. 9 (AMNXYR_000008286 - AMNXYR_000009102, including, but not limited to, AMNXYR-000008730-AMNXYR_000008745; AMNXYR_000008856-AMNXYR_000008859; AMNXYR_000008981-AMNXYR_000008996) Prosecution History of the '107 patent, including, but not limited to, Amendment and Response filed November 3, 2009, in particular, pp. 6-12; Notice of Allowability dated March 10, 2010, in particular, pp. 5-6 (AMNXYR_000009976 - AMNXYR_000010497, including, but not limited to, AMNXYR_000010085-AMNXYR_000010102; AMNXYR_000010333- |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | AMNXYR_000010342) |
| | | | | Extrinsic Evidence |
| | | | | Webster's Ninth New Collegiate Dictionary (1991) (AMNXYR_000018861 - AMNXYR_000018866) |
| | | | | Dorland's Illustrated Medical Dictionary (1994) (AMNXYR_000018858 - AMNXYR_000018860) |
| | | | | Jazz Pharmaceuticals, Inc., Q4 2013 Earnings Conference Call, February 25, 2014 (AMNXYR_000075234 - AMNXYR_000075246) |
| | | | | Jazz Pharmaceuticals, Inc., Q1 2014 Earnings Conference Call, May 8, 2014 (AMNXYR_000075353 |

| Term<br>(Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | -<br>AMNXYR_000075371)<br><br>Jazz Pharmaceuticals Public Limited Company, Form 10-Q for the quarterly period ended<br>March 31, 2014, dated May 8, 2014<br>(AMNXYR_000075372<br>-<br>AMNXYR_000075472)<br><br>Jazz Pharmaceuticals Public Limited Company, Form 10-Q for the quarterly period ended June 30, 2014, dated August 5, 2014<br>(AMNXYR_000075473<br>-<br>AMNXYR_000075571) |
| "a single computer database"<br><br>('182 patent claims 1-26) | No construction necessary. | '730 patent at 1:34-3:13; 3:34-4:6; 6:9-14; 7:38-8:29;<br><br>'730 patent file history, including 9/30/04 Pre-examination statement | "only one computer database" | Intrinsic Evidence<br><br>'182 patent, col. 1, ll. 48-54; col. 2, ll.20-25; col. 7, ll. 40-54; col. 7, line 67–col. 8, line 5. |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | at 2-15; 9/29/05 Response at 13-17; 3/29/06 Response at 5-9; 7/29/06 Proposed claims for examiner interview at 5; 7/31/06 Fax re Proposed interview agenda and Proposed claims for examiner interview at 6; 1/17/07 Response at 10-14; 5/21/07 Appeal brief at 7-13, 19-23; 12/3/07 Reply brief at 1-3; 11/2/09 Response at 10-13; 12/31/09 Notice of Allowability at 10-11.<br><br>'107 patent file history, including 3/10/2010 Notice of Allowance at 5-6.<br><br>'059 patent file history, including 12/21/2010 Notice of Allowance at 2-3.<br><br>McGraw-Hill Dictionary of Scientific and Technical Terms | | Extrinsic Evidence<br><br>"Single: one only, individual." *Webster's Third New International Dictionary of the English Language Unabridged*, 2123 (3d. Ed., 1993).<br><br>Webster's Ninth New Collegiate Dictionary (1991) (AMNXYR_000018861 - AMNXYR_000018866) |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | (5th ed.) at 518. Merriam Webster's Collegiate Dictionary (10th ed.) at 293. | | |
| "central database" ('107 patent claims 1-4) | No construction necessary. | '730 patent at 1:34-3:13; 3:34-4:6; 6:9-14; 7:38-8:29; <br><br> '730 patent file history, including 9/30/04 Pre-examination statement at 2-15; 9/29/05 Response at 13-17; 3/29/06 Response at 5-9; 7/29/06 Proposed claims for examiner interview at 5; 7/31/06 Fax re Proposed interview agenda and Proposed claims for examiner interview at 6; 1/17/07 Response at 10-14; 5/21/07 Appeal brief at 7-13, 19-23; 12/3/07 Reply brief at 1-3; 11/2/09 Response at 10-13; 12/31/09 Notice of Allowability at 10-11. <br><br> '107 patent file history, | "a relational database containing all relevant data related to distribution of the drug, including patient, physician, and prescription information, either located on a single computer system, or distributed among multiple computers where a single query of the database operates over all data relating to prescriptions, prescribers, and patients for a drug." | Intrinsic Evidence <br><br> '107 patent, col. 2, ll. 16-21; col. 7, ll. 38-41; col. 7, line 65–col. 8, line 3 |

32

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | including 3/10/2010 Notice of Allowance at 5-6.<br><br>'059 patent file history, including 12/21/2010 Notice of Allowance at 2-3.<br><br>McGraw-Hill Dictionary of Scientific and Technical Terms (5th ed.) at 518. Merriam Webster's Collegiate Dictionary (10th ed.) at 293. | | |
| "exclusive computer database associated with the exclusive central computer system"<br><br>('106 patent claims 1-7) | No construction necessary. | '730 patent at 1:34-3:13; 3:34-4:6; 6:9-14; 7:38-8:29;<br><br>'730 patent file history, including 9/30/04 Pre-examination statement at 2-15; 9/29/05 Response at 13-17; 3/29/06 Response at 5-9; 7/29/06 Proposed claims for examiner interview at 5; 7/31/06 Fax re Proposed | "a single or sole computer database that is controlled by, that is maintained by, or data is entered into by, a single or sole computer system." | *Roxane Markman Order,* at pp. 33-34 ("The Court's construction [of the term "exclusive"] is 'single or sole.'").<br><br>Intrinsic Evidence<br><br>'106 patent, col. 5, ll. 55-56; FIGS. 2A-2C and 9.<br>'730 patent, claim 3; *see also* '059 patent, claim |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | interview agenda and Proposed claims for examiner interview at 6; 1/17/07 Response at 10-14; 5/21/07 Appeal brief at 7-13, 19-23; 12/3/07 Reply brief at 1-3; 11/2/09 Response at 10-13; 12/31/09 Notice of Allowability at 10-11.

'107 patent file history, including 3/10/2010 Notice of Allowance at 5-6.

'059 patent file history, including 12/21/2010 Notice of Allowance at 2-3.

McGraw-Hill Dictionary of Scientific and Technical Terms (5th ed.) at 518. Merriam Webster's Collegiate Dictionary (10th ed.) at 293. | | 2; '988 patent, claim 5; *see also* '988 patent, claim 13. '107 patent, claim 1. Prosecution History of the '730 patent, including, but not limited to, Amendment and Response filed January 17, 2007, in particular, p. 10; Reply Brief filed December 3, 2007, pp. 1-4; Board of Patent Appeals and Interferences Decision dated September 2, 2009, in particular, pp. 5, 8, and 9; Amendment and Response filed November 2, 2009, in particular, p. 9 (AMNXYR_000008286 - AMNXYR_000009102, including, but not limited to, AMNXYR-000008730-AMNXYR_000008745; AMNXYR_000008856- |

34

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | | | AMNXYR_000008859; AMNXYR_000008981-AMNXYR_000008996) Prosecution History of the '107 patent, including, but not limited to, Amendment and Response filed November 3, 2009, in particular, pp. 6-12; Notice of Allowability dated March 10, 2010, in particular, pp. 5-6 (AMNXYR_000009976-AMNXYR_000010497, including, but not limited to, AMNXYR_000010085-AMNXYR_000010102; AMNXYR_000010333-AMNXYR_000010342) |
| "exclusive central computer system" ('106 patent claims 1-4, 7, 8) | No construction necessary. | '730 patent at 1:34-3:13; 3:34-4:6; 6:9-14; 7:38-8:29; '730 patent file history, including 9/30/04 Pre-examination statement at 2-15; 9/29/05 | "a single or sole computer system containing all relevant data related to distribution of the drug, including patient, physician, and prescription information | *Roxane Markman* Order, at pp. 33-34 ("The Court's construction [of the term "exclusive"] is 'single or sole.'"). Intrinsic Evidence |

35

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | Response at 13-17; 3/29/06 Response at 5-9; 7/29/06 Proposed claims for examiner interview at 5; 7/31/06 Fax re Proposed interview agenda and Proposed claims for examiner interview at 6; 1/17/07 Response at 10-14; 5/21/07 Appeal brief at 7-13, 19-23; 12/3/07 Reply brief at 1-3; 11/2/09 Response at 10-13; 12/31/09 Notice of Allowability at 10-11.<br><br>'107 patent file history, including 3/10/2010 Notice of Allowance at 5-6.<br><br>'059 patent file history, including 12/21/2010 Notice of Allowance at 2-3.<br><br>McGraw-Hill Dictionary of Scientific and Technical Terms (5th ed.) at 518. | located on a single computer system where a single query of the database operates over all data relating to prescriptions, prescribers, and patients for a drug" | '106 Patent, FIG. 1; col. 3, line 46–col. 4, l.1; col. 2, ll. 16-21; col. 7, ll. 38-41; col. 7, line 65–col. 8, line 3. Prosecution History of the '730 patent, including, but not limited to, Amendment and Response filed January 17, 2007, in particular, p. 10; Reply Brief filed December 3, 2007, pp. 1-4; Board of Patent Appeals and Interferences Decision dated September 2, 2009, in particular, pp. 5, 8, and 9; Amendment and Response filed November 2, 2009, in particular, p. 9 (AMNXYR_000008286 - AMNXYR_000009102, including, but not limited to, AMNXYR-000008730-AMNXYR_000008745; AMNXYR_000008856- |

| Term (Patent Claims) | Jazz's Proposed Definition | Jazz's Evidence | Defendants' Proposed Definition | Defendants' Evidence |
|---|---|---|---|---|
| | | Merriam Webster's Collegiate Dictionary (10th ed.) at 293. | | AMNXYR_000008859; AMNXYR_000008981- AMNXYR_000008996) Prosecution History of the '107 patent, including, but not limited to, Amendment and Response filed November 3, 2009, in particular, pp. 6-12; Notice of Allowability dated March 10, 2010, in particular, pp. 5-6 (AMNXYR_000009976 - AMNXYR_000010497, including, but not limited to, AMNXYR_000010085- AMNXYR_000010102; AMNXYR_000010333- AMNXYR_000010342) |