UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMNEAL PHARMACEUTICALS, LLC, et al., <br><br> Defendants. | Civil Action No. 13-391 (ES) (JAD) <br> (Consolidated) <br><br><br> SCHEDULING ORDER |

**THIS CONSOLIDATED MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on January 13, 2016; and for good cause shown:

IT IS on this \_\_\_\_ day of February, 2016

**ORDERED THAT:**

## I. DISCLOSURES

1. To the extent the parties have not already done so, Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **February 19, 2016**.

## II. SCHEDULE

2. Plaintiffs shall serve their Disclosure of Asserted Claims pursuant to L Pat. R. 3.6(b) on or before **March 7, 2016**.

3. Defendants shall serve their Invalidity Contentions and Non-Infringement Contentions pursuant to L. Pat. R. 3.6(c) – (f) on or before **April 14, 2016**.

4. Plaintiffs shall serve their Infringement Contentions and Responses to Defendants' Invalidity Contentions pursuant to L Pat R. 3.6(g) – (i) on or before **May 27, 2016**.

5. The parties shall exchange proposed terms for construction pursuant to L. Pat. R. 4.1(a) on or before **June 10, 2016**.

6. The parties shall exchange preliminary proposed constructions and identification of intrinsic and extrinsic evidence pursuant to L. Pat. R. 4.2(a) – (b) on or before **July 1, 2016**.

7. The parties shall exchange evidence opposing any proposed claim construction pursuant to L. Pat. R. 4.2(c) on or before **July 15, 2016**. The parties shall thereafter meet and confer to narrow the issues in dispute.

8. The parties shall complete fact discovery relating to claim construction pursuant to L. Pat. R. 4.4 on or before **August 1, 2016**.

9 The parties shall file a Joint Claim Construction and Prehearing Statement pursuant to L. Pat. R. 4.3 (a) – (e) on or before **August 3, 2016**.

10. The parties shall file and serve their opening *Markman* submissions pursuant to L. Pat. R. 4.5 (a) on or before **September 16, 2016**.

11. The parties shall complete expert discovery pertaining to *Markman* issues on or before **October 19, 2016**.

12. The parties shall file and serve their responding *Markman* submissions on or before **November 2, 2016**.

13. On or before **November 30, 2016**, the parties shall submit to the Court a proposed schedule for a *Markman* hearing.

14. The Court will conduct a *Markman* hearing on **To be determined**.

15. The parties shall complete all fact discovery on or before **February 24, 2017**.

### III.   DISCOVERY – GENERALLY

16. Per the agreement of the parties, discovery regarding the REMS Patents is stayed pending further Order of the Court. The parties may proceed with discovery on all other issues.

17. Each party may serve interrogatories, in accordance with the schedule set forth above, limited to twenty-five (25) single questions to each other party. The Court notes that it will consider permitting the parties to serve additional interrogatories should discovery proceed with regard to the REMS patents.

18. Each party may take a maximum of ten (10) depositions. The Court notes that it will consider permitting the parties to take additional depositions should discovery proceed with regard to the REMS patents.

19. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated.

20. Any discovery dispute shall be brought to the Court's attention in the first instance by letter or by telephone conference call immediately after the parties' good faith attempt to resolve the dispute has failed. See L. Civ. R. 16.1(f)(1).

21. No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

## IV. EXPERTS

22. Expert discovery is to remain open through: **October 2, 2017**.

23. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(D), the parties shall identify their experts and deliver their expert reports in accordance with the following deadlines:

    a. All opening expert reports (i) on issues for which a party bears the burden of proof; and (ii) regarding secondary considerations of non-obviousness shall be delivered on or before **April 25, 2017**. Any such report shall be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

    b. All rebuttal expert reports shall be delivered on or before **June 30, 2017**. Any such report shall be in the form and content as described above.

    c. All reply expert reports (if necessary) shall be delivered on or before **August 2, 2017**.

24. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his/her report.

## V. DISCOVERY CONFIDENTIALITY ORDERS

25. Deadline for parties to present a consent confidentiality order or otherwise apply for entry of a discovery confidentiality order pursuant to L. Pat. R. 2.2: **March 4, 2016**.

26. Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26(c) and Local Civil Rule 5.3. See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Company v. Thompson, 56 F.3d 476 (3d Cir. 1995). Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered. Any such order must be clearly designated **"Discovery Confidentiality Order."** See Local Civil Rule 5.3.

## VI. FUTURE CONFERENCES

27. There shall be an in-person conference before the undersigned on **April 25, 2016 at 11:00 a.m.**

28. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

29. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

30. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

31. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## VII. MOTIONS

32. Any motion to add new parties, whether by amended or third-party complaint, must be filed not later than **January 16, 2017**.

33. Any motion to amend pleadings must be filed not later than **January 16, 2017**.

34. <u>No motions are to be filed without prior written permission from this Court. All dispositive motions must first be subject to a dispositive motion pre-hearing in order to assure proper calendar control.</u> These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b), and 78.1.

35. Dispositive motions, if any, are to be filed by: **To be determined**.

## VIII.   FINAL PRETRIAL CONFERENCE

36.   A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) at **a time and date to be assigned**.

37.   Pursuant to paragraphs 14 and 15 of this Court's form of Final Pretrial Order, all pretrial submissions must be served upon the Court **forty-eight (48) hours** prior to the final pretrial conference.

38.   All counsel are directed to assemble at the office of Plaintiffs' counsel not later than ten (10) days before the pretrial conference to prepare the proposed Final Pretrial Order in the form and content required by the Court, as well as the required pretrial submissions consisting of agreed-upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel, all of which must be submitted **forty-eight (48) hours** before the final pretrial conference.   Plaintiffs' counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

39.   With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

40.   The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference, along with all pretrial submissions and trial briefs.   All counsel are responsible for the timely submission of the Pretrial Order and submissions.

41.   **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

_____
Joseph A. Dickson
**United States Magistrate Judge**

cc:   Hon. Esther Salas, U.S.D.J.