James E. Cecchi (jcecchi@carellabyrne.com)
Melissa E. Flax (mflax@carellabyrne.com)
Michael Cross (mcross@carellabyrne.com)
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

*Attorneys for Defendants Lupin Limited,
Lupin Pharmaceuticals, Inc. and Lupin Inc.*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC. and JAZZ PHARMACEUTICALS IRELAND LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>AMNEAL PHARMACEUTICALS LLC, et al.,<br><br>Defendants. | Civil Action No. 13-391 (ES)(JAD)<br>(consolidated)<br><br>**ORDER TO SEAL** |

**THIS MATTER** having been opened to the Court by Defendants Lupin Limited, Lupin Pharmaceuticals, Inc. and Lupin Inc. (collectively, "Lupin") and Plaintiffs Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Limited (collectively, "Jazz") in the above-captioned matter, by way of Joint Motion to Redact and Seal information pursuant to Local Civil Rules 5.3(c) and 5.3(g); the Court hereby makes the following findings:

1. There exists in civil cases a common law public right of access to judicial proceedings and records. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing

*Littlejohn v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988)). Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991).

2. The party seeking to seal any part of a judicial record bears the burden of demonstrating that "'the material is the kind of information that courts will protect.'" *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

3. While the party seeking protection has the burden of demonstrating that it is entitled to protection, courts will find that "good cause" to protect information from exposure exists where disclosure would result in a clearly defined and serious injury to the party seeking to overcome the presumption of access. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787–91 (3d Cir. 1994).

4. The analysis outlined by the Third Circuit has been codified in the District of New Jersey as Local Civil Rule 5.3. Local Civil Rule 5.3(c)(3) requires a showing of: (a) the nature of the materials of the proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. *See* L. Civ. R. 5.3(c)(3).

### A. Nature of the Materials at Issue

5. Certain portions of the Transcript of the March 2, 2018 Status Conference before the Honorable Joseph A. Dickson, U.S.M.J. (hereinafter, the "Confidential Materials") contain information that has been designated as "HIGHLY CONFIDENTIAL" by Lupin and subject to the Discovery Confidentiality Order entered on December 19, 2016 (D.I. 335).

6. The Confidential Materials contain proprietary and confidential research, development, commercial, and technical information that has been designated as "HIGHLY CONFIDENTIAL-SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" by Lupin.

7. Public disclosure of this information would provide the public insight into the business and operations of Lupin.

8. Lupin's redactions are the least restrictive alternative because the redactions are narrowly tailored to include only the Confidential Materials which contain Lupin's Highly Confidential information.

9. Lupin has a legitimate interest, which warrants the sealing of this information, and a clearly defined injury if it is not sealed.

**B.    Legitimate Private or Public Interests Which Warrant Relief Sought**

10. Courts may seal documents that encompass sensitive confidential and proprietary information that might harm a litigant's competitive standing. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 890 (E.D. Pa. 1981) (citing Fed. R. Civ. P. 26). The District of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents. *See In re Gabapentin*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004).

**C.    Clearly Defined Serious Injury if Relief Is Not Granted**

11. The District Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994). Here, Lupin's interest in secrecy outweigh any need for public access.

12. If relief is not granted, Lupin's confidential information will be available to competitors, exposing Lupin to serious competitive and financial risks.

### D. A Less Restrictive Alternative Is Not Available

13. The sealing of the Confidential Materials is an accepted practice in the District of New Jersey. *See, e.g., Gabapentin*, 312 F. Supp. 2d at 669.

14. No less restrictive alternative is available to ensure that this information remains confidential because Lupin's request is narrowly tailored to seek the sealing of only the Confidential Materials which contain Lupin's Highly Confidential information.

WHEREAS, the Court, having determined that the Confidential Materials contain confidential information, and the Court having considered the written submissions of counsel, and good cause having been shown,

IT IS on this 16th day of July 2018,

**ORDERED** that the Joint Motion to Redact and Seal pursuant to Local Civil Rules 5.3(c) and 5.3(g), (ECF No. 439), is **GRANTED**; and

**IT IS FURTHER ORDERED** that counsel for Lupin shall submit to the appropriate court reporter/transcription agency a Statement of Redaction and Sealing pursuant to Local Civil Rule 5.3, consistent with the proposed redactions set forth in the Consolidated Index attached to the Declaration of Natasha L. White. (ECF No. 439-3). The court reporter / transcription agency shall thereafter publicly file a properly redacted version of the transcript of the March 2, 2018 conference; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall maintain the unredacted version of the transcript of the March 2, 2018 conference, (ECF No. 435), under seal.

JOSEPH A. DICKSON, U.S.M.J.